CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

MAR 3 1 2021

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

PATRICIA L. GARRISH
v.
SENATORS COACHES INC. AND STEVE CIPELLE

Case No. 1:20CV00019

**FINAL INSTRUCTIONS TO JURY**

Judge James P. Jones

## INSTRUCTION NO. _1_

1       Members of the jury, you have heard the lawyers argue the case and you have

2    heard the evidence. It is now my duty to instruct you as to the law. The

3    instructions that I gave you at the beginning of the trial and during the trial remain

4    in effect. You must, of course, continue to follow my earlier instructions as well as

5    those that I give you now. You must not single out some instructions and ignore

6    others but must consider the instructions as a whole. I will send a copy of these

7    instructions with you for your deliberations.

8       Neither in these instructions nor in any ruling, action, or remark that I have

9    made during the course of this trial have I intended to give any opinion or suggestion

10    as to what your verdict should be. During this trial, I have occasionally asked

11    questions of witnesses in order to bring out facts not then fully covered in testimony.

12    Do not assume that I hold any opinion on the matter to which my questions related.

13       It is your duty to determine from the evidence what the facts are. You will

14    then apply the law, as I give it to you, to those facts. You must follow my

15    instructions on the law, even if you believed that the law was different or should be

16    different.

17       Do not allow sympathy or prejudice to influence you. The law demands of

1    you a just verdict, unaffected by anything except the evidence, your common sense,

2    and the law as I give it to you.

# INSTRUCTION NO. __2__

1    In these instructions you are told that your verdict depends on whether you

2    find that certain facts have been proved.    As this is a civil case, the burden is on Ms.

3    Garrish to prove every element of her claim by the greater weight of the evidence,

4    also known as the preponderance of the evidence.    To prove something by the

5    preponderance of the evidence is to prove that it is more likely true than not true.    It

6    is determined by considering all of the evidence and deciding which evidence is

7    more believable.    The test is not which side brings the greater number of witnesses

8    or presents the greater quantity of evidence but which witnesses and evidence appear

9    accurate and trustworthy.    Some of you may have served as a juror in a criminal

10   case, where proof must be beyond a reasonable doubt.    That rule does not apply to

11   this case and should be put out of your mind.

# INSTRUCTION NO. _3_

1     In deciding what the facts are, you may also have to decide what testimony

2    you believe and what testimony you do not believe.  You may believe all of what a

3    witness said, only part of it, or none of it.

4     In weighing the testimony of a witness, you should consider his or her

5    relationship to the parties.  You must also consider his or her interest, if any, in the

6    outcome of the case, his or her manner of testifying, his or her opportunity to observe

7    or acquire knowledge concerning the facts about which he or she testified, the

8    candor, fairness, and intelligence of a witness, and the extent to which a witness's

9    testimony is supported or contradicted by other credible evidence.  You may, in

10    short, accept or reject the testimony of any witness in whole or in part.

11     This case should be considered by you as an action between persons of equal

12    worth.  All persons are equal before the law and are considered equals in the

13    courtroom today.

# INSTRUCTION NO. ___4___

1      In weighing a witness's testimony, you should also ask yourself whether there

2    was evidence tending to prove that the witness testified falsely concerning some

3    important fact; or whether there was evidence that at some other time the witness

4    said or did something, or failed to say or do something, which was different from

5    the testimony he or she gave before you during the trial.

6      You should again keep in mind, of course, that a simple mistake by a witness

7    does not necessarily mean that the witness was not telling the truth as he or she

8    remembers it, because people naturally tend to forget some things or remember other

9    things inaccurately.   So, if a witness has made a misstatement, you need to consider

10    whether that misstatement was simply an innocent lapse or an intentional falsehood;

11    and the significance of that may depend on whether it has to do with an important

12    fact or only a small detail.

# INSTRUCTION NO. *5*

1      There are two types of evidence: direct and circumstantial.   Direct evidence

2    is the direct proof of a fact, such as testimony of an eyewitness.   Circumstantial

3    evidence is proof of facts from which you may infer or conclude that other facts

4    exist.   The law makes no distinction between direct and circumstantial evidence and

5    you should give all evidence the weight and value you believe it is entitled to.

# INSTRUCTION NO. _6_

1     I have mentioned the word "evidence." The evidence in this case consists

2 of the testimony of witnesses, the documents and other things received as exhibits.

3     You may use reason and common sense to draw deductions or conclusions

4 from facts that have been established by the evidence in the case.

5     Certain things are not evidence. I will list those things for you now:

6     First: Statements, arguments, questions, and comments by lawyers

7 representing the parties in the case do not constitute evidence. In particular,

8 statements by a lawyer as to the amount of damages claimed are not evidence and

9 should not be considered as such.

10     Second: Objections are not evidence. Lawyers have a right to object if they

11 believe something is improper. You should not be influenced by an objection. If

12 I sustained an objection to a question, you must ignore the question and must not

13 attempt to guess what the answer might have been.

14     Third: Testimony that I struck from the record, or told you to disregard, is

15 not evidence and must not be considered.

16     Fourth: Anything you saw or heard about this case outside of the courtroom

17 is not evidence.

# INSTRUCTION NO. 7

1    The issues in this case are:

2        (1) Was Mr. Cipelle negligent?

3        (2) Was Mr. Cipelle's negligence a proximate cause of the accident?

4        (3) If Ms. Garrish is entitled to recover, what is the amount of her

5            damages?

6    On all these issues, Ms. Garrish has the burden of proof.

# INSTRUCTION NO. _8_

1    You shall find your verdict for Ms. Garrish if she has proved by the greater

2    weight of the evidence that the negligence of Mr. Cipelle was a proximate cause of

3    the accident.

4    You shall find your verdict for both of the defendants if Ms. Garrish failed to

5    prove by the greater weight of the evidence that Mr. Cipelle's negligence was a

6    proximate cause of the accident.

# INSTRUCTION NO. 9

1    Negligence is the failure to use ordinary care.  Ordinary care is the care a

2 reasonable person would have used under the circumstances of the case.

INSTRUCTION NO. _10_

1    The fact that there was an accident and that Ms. Garrish was injured does not

2    of itself entitle her to recover.

INSTRUCTION NO. _11_

1    "Negligence" is the failure to use the degree of care that an ordinarily prudent

2    person would exercise under the same or similar circumstances.

INSTRUCTION NO. _12_

1        The driver of a vehicle has a duty to use ordinary care to keep a proper lookout.

2        This duty requires a driver to use ordinary care to look in all directions for vehicles

3        and conditions that would affect driving, to see what a reasonable person would have

4        seen, and to react as a reasonable person would have reacted under the

5        circumstances.  If a driver fails to perform this duty, then the driver is negligent.

# INSTRUCTION NO. _13_

1       The driver of a vehicle shall not follow another vehicle more closely than is

2    reasonable and prudent, having due regard to the speed of both vehicles and the

3    traffic on, and conditions of, the highway at the time.   If a driver fails to perform

4    this duty, then the driver is negligent.

# INSTRUCTION NO. 14

1     A proximate cause of an accident, injury, or damage is a cause which in

2    natural and continuous sequence produces the accident, injury, or damage. It is a

3    cause without which the accident, injury, or damage would not have occurred.

INSTRUCTION NO. _14A_

1       There may be more than one proximate cause of an injury.   If the negligence

2    of Mr. Cipelle proximately caused injury to Ms. Garrish, then the negligence of Mr.

3    Cipelle is a proximate cause of Ms. Garrish's damages even if there were other acts

4    that caused her injury.

# INSTRUCTION NO. *15*

1    If you find your verdict for Ms. Garrish, then in determining the damages to

2    which she is entitled, you shall consider any of the following which you believe by

3    the greater weight of the evidence was caused by the negligence of Mr. Cipelle:

4    (1)    Any bodily injuries she sustained and their effect on her health

5    according to their degree and probable duration;

6    (2)    Any physical pain and mental anguish she suffered in the past and any

7    that she may be reasonably expected to suffer in the future;

8    (3)    Any inconvenience caused in the past and any that may reasonably be

9    expected to occur in the future; or

10    (4)    Any medical expenses incurred in the past.

11    Your verdict shall be for such sum as will fully and fairly compensate Ms.

12    Garrish for the damages sustained as a result of the Mr. Cipelle's negligence.

# INSTRUCTION NO. _16_

1    The burden is on the plaintiff to prove by the greater weight of the evidence

2    each item of damage she claims and to prove that each item was caused by the

3    defendant's negligence.   She is not required to prove the exact amount of her

4    damages, but she must show sufficient facts and circumstances to permit you to

5    make a reasonable estimate of each item.   If the plaintiff fails to do so, then she

6    cannot recover that item.

# INSTRUCTION NO. _17_

1    Mere proof that the plaintiff has incurred expenses for hospital and medical

2    services is not sufficient to authorize recovery for those expenses.  The plaintiff

3    must also prove, by a preponderance of the evidence, that all the following are true:

4    (1) The injuries treated were proximately caused by Mr. Cipelle's

5        negligence;

6    (2) The treatment for such injuries was medically necessary; and

7    (3) The charges reflected on the medical bills are reasonable in amount.

8    If the plaintiff has not proven one or more of the above elements concerning any

9    medical expense, the plaintiff is not entitled to recover that medical expense.

# INSTRUCTION NO. _18_

1    The fact that I have instructed you as to damages does not indicate any opinion

2    of mine as to how you should find on the question of liability.   I am only instructing

3    you as to damages for your use in the event that you find in favor of the plaintiff,

4    Ms. Garrish.

INSTRUCTION NO. _19_

1    In conducting your deliberations and returning your verdict, there are certain

2    rules you must follow.   I shall list those rules for you now.

3    First, when you go to the jury room, you must select one of your members as

4    your foreperson.   That person will preside over your discussions and speak for you

5    here in court.

6    Second, it is your duty, as jurors, to discuss this case with one another in the

7    jury room.   You should try to reach agreement without violence to individual

8    judgment, because a verdict must be unanimous.

9    Each of you must make your own conscientious decision, but only after you

10   have considered all the evidence, discussed it fully with fellow jurors, and listened

11   to the views of your fellow jurors.

12   Do not be afraid to change your opinions if the discussion persuades you that

13   you should.   But do not come to a decision simply because other jurors think it is

14   right, or simply to reach a verdict.

15   Third, if you need to communicate with me during your deliberations, you

16   may send a note to me through the bailiff, signed by one or more jurors.   I will

17   respond as soon as possible either in writing or by having you returned to the court

18   room so that I can address you orally.   Remember that you should not tell anyone

1   — including me — how your vote stands numerically.

2   Fourth, during your deliberations, you must not communicate with anyone

3   else outside of the jury about the case. You must not use any electronic device,

4   including cell phones, the Internet, social media, a blog, website, or any other

5   method to communicate about the case or conduct any research.

6   Fifth, your verdict must be based solely on the evidence and on the law which

7   I have given you in my instructions. The verdict must be unanimous, you must all

8   agree. Nothing I have said or done is intended to suggest what your verdict should

9   be — that is entirely for you to decide.

10   During the trial items were received into evidence as exhibits. The exhibits

11   will be available in electronic format for viewing in the jury room, and the Clerk will

12   show you how to view the exhibits. Examine the exhibits if you think it would help

13   you in your deliberations.

14   Finally, here are alternate verdict forms which I will send with you to the jury

15   room. When each of you has agreed on the verdict, your foreperson will fill in the

16   proper form, sign it, and advise the bailiff that you are ready to return to the

17   courtroom.